PROB(Rev.)

# United States District Court

for

## Middle District of Tennessee

## Report on Offender Under Supervision

Name of Offender: Jennifer Givens     Case Number: 3:03-00236-01

Name of Sentencing Judicial Officer: The Honorable Aleta A. Trauger, U.S. District Judge

Date of Original Sentence: November 18, 2004

Original Offense: 18 U.S.C. §1001(a)(2): False Statement and Representations (Counts One and Three); 42 U.S.C. § 408(a)(7)(B): False Use of Social Security Number (Counts Two and Four)

Original Sentence: 33 Month's Imprisonment, 3 Years' Supervised Release

Type of Supervision: Supervised Release     Date Supervision Commenced: February 20, 2007

Assistant U.S. Attorney: Darryl A. Stewart     Defense Attorney: Ernest Wilson Williams

### NONCOMPLIANCE SUMMARY

The offender has not complied with the following condition(s) of supervision:

Violation Number    Nature of Noncompliance

1     If this judgment imposes a fine or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment: Ms. Givens provided the probation officer with copies of at least three money order receipts as proof of payments made toward her court ordered restitution of $28,508.92 but deposited the money orders into her own account.

☒ No Action Necessary
☐ Submit a Request for Modifying the Condition or Term of Supervision
☐ Submit a Request for Warrant or Summons
☐ Other

Considered this 3rd day of July, 2008 and made a part of the records in the above case.

U. S. District Judge
Aleta A. Trauger

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

U.S. Probation Officer
Dawn E. Eastes

Place    Nashville, TN

Date    June 26, 2008

Report on Offender
Under Supervision

**Jennifer Givens**
**Docket Number: 3:03-00236-01**
**June 26, 2008**

U.S. Probation Officer Action:

Ms. Givens began her period of supervision on February 20, 2007 and is scheduled to terminate from supervision on February 19, 2010. Her special assessment is paid in full but her restitution payments have been inconsistent. According to the Clerk of Court, Financial Unit, as of June 19, 2008, Ms. Givens has paid $660.69 toward her court ordered restitution. Ms. Givens is currently employed as a computer repair technician and resides with her husband in Sumner County. Her case was transferred to this officer on March 19, 2008.

In attempting to reconcile Ms. Given's reported payments toward restitution with records from the U.S. District Court Clerk's Office, discrepancies were found. Further inquiries with the Clerk's Office revealed that some copies of money order receipts Ms. Givens had provided to the probation office had not been received by the Clerk's Office.

Ms. Givens was summoned into the office regarding this issue. Prior to that meeting, at her own request, Ms. Givens and her husband met with the Financial Litigation Unit of the United States Attorney's Office on May 28, 2008. At that meeting in the U.S. Attorney's Office, Ms. Givens and her husband discussed the Government Offset Program which had confiscated and applied the couple's tax refund toward back taxes owed and toward restitution. Ms. Givens and her husband did not contest that action. They were requesting however, that the U.S. Attorney's Office allow Mr. Givens to receive his half of the 2007 "stimulus refund." During that meeting, Ms. Givens advised the U.S. Attorney's Office that she would like to be placed on a monthly payment program through their office and agreed to furnish them with a financial statement. In the presence of this officer, she admitted that some of the restitution payments for which she had provided proof of payment to the probation office had actually been returned to her by the Clerk of Court. She admitted that, rather than resubmitting the payments, she had deposited them into her own bank account and used the funds herself.

The meeting was continued in the probation office between the probation officer and Mr. and Ms. Givens in order to more fully discuss her admissions. Ms. Givens was shown two money order receipts dated January 4, 2008, in the amounts of $40.00 and $149.00. She stated those had been returned to her because she had failed to include her docket number. Rather than resubmitting them to the Clerk of Court, she deposited them into her own account and spent the money. She did not report this to her probation officer at the time, Officer Troy Lanham. Ms. Givens was shown a moneygram receipt dated March 5, 2008 in the amount of $111.00. Ms. Givens admitted she again had this payment returned to her due to her failure to include her docket number and again deposited it into her own account, again failing to notify her officer, Officer Troy Lanham.

Ms. Givens was shown two receipts for cashier's checks made out to the U.S. District Court. The receipt dated June 15, 2007 was for $75.00. The receipt dated June 29, 2007 was in the amount of $100.00. Ms. Givens stated she does not believe she diverted these funds as described above but could have done so.

Ms. Givens was shown a copy of a money order receipt dated May 4, 2008 in the amount of $143.00. She stated this money order had been returned to her for lack of a docket number but paid the $143.00 directly to the Clerk of Court on May 28, 2008, in order to reconcile this payment. She had included an additional $157.00 as payment for the upcoming month. An official receipt from the Clerk of Court was provided and has been verified.

Report on Offender
Under Supervision

**Jennifer Givens**
**Docket Number: 3:03-00236-01**
**June 26, 2008**

The gravity of deceiving the probation office in this manner was explained to Ms. Givens. She advised she had intended to resubmit the payments and just never did so. She stated she thought it best to tell this officer what she had done because she believed she would be discovered. Ms. Givens has met with the Financial Litigation Unit once again on June 25, 2008 and executed a financial disclosure statement as agreed. She has additionally entered into an payment plan with that office which specifies a set payment as requested by Ms. Given of $200 per month.

**Recommendation:**

It is of concern that Ms. Givens has provided false information to the probation office in this manner. To her credit, she did admit to what she had done and steps have been taken to avoid any such temptations in the future, as well as to better address Ms. Givens' restitution obligation. Because of her disclosure, as well as the plan for payment to which she has agreed, it is respectfully **recommended that the Court continue Ms. Givens on supervised release and that no adverse action be taken at this time.** Should she demonstrate any further intentional failures to pay her court ordered obligations, engage in any further deceptive conduct, or should she fail to abide by the agreement into which she entered with the United States Attorney's Office, the Court will be so apprized and appropriate recommendations for action will be made.

Assistant United States Attorney, Darryl A. Stewart, has been consulted regarding this recommended course of action and concurs with the probation officer's recommendation.